# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| RICKY MAYNOR, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Case No. CV412-272 |
| SHERIFF AL ST. LAWRENCE, | ) ) ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

Ricky Maynor, a pre-trial detainee held at the Chatham County Detention Center pending a state prosecution, has filed an application for writ of habeas corpus with this Court. While he uses a state form and styles his case as "In The Superior Court of Chatham County," he appears to be seeking federal habeas relief under 28 U.S.C. § 2241. (Doc. 1.) He insists that he is entitled to bail and is being held illegally. (Doc. 1 at 5.) He thus petitions for release. (*Id.* at 4.)

The Court **GRANTS** his IFP motion (doc. 2) but concludes his petition must be dismissed. Pretrial § 2241 petitions like this must be exhausted. *Wilkinson v. Dotson*, 544 U.S. 74, 79 2005) (all habeas corpus actions "require a petitioner to fully exhaust state remedies"); *Thomas v.*

*Crosby*, 371 F.3d 782, 812 (11th Cir. 2004) (Tjoflat, J., concurring) ("Among the most fundamental common law requirements of § 2241 is that petitioners must first exhaust their state court remedies."). Georgia law allows him to raise his claim

> either during state criminal proceedings or collaterally in a state habeas corpus action. *See Perera v. Miller*, 283 Ga. 583, 662 S.E.2d 544, 544 (Ga. 2008) (noting that criminal defendants can bring speedy trial claim and ineffective assistance of counsel claims during the course of criminal proceedings); *Jackson v. State*, 279 Ga. 449, 614 S.E.2d 781, 783–84 (Ga. 2005) (ruling on speedy trial claim and due process claim based on preindictment delay; claims initially brought in motion for a new trial and reasserted on direct appeal); *Rainwater v. Langley*, 277 Ga. 127, 587 S.E.2d 18, 19–20 (Ga. 2003) (challenging pretrial detention in state habeas petition); *Banks v. Waldrop*, 272 Ga. 475, 531 S.E.2d 708, 708 (Ga. 2000) (holding that challenge to pretrial detention based on contention of improper denial of bail is properly brought in state habeas petition); *McClure v. Hopper*, 234 Ga. 45, 214 S.E.2d 503, 506 (Ga. 1975) (holding that claim based on denial of a timely first appearance may be cognizable in habeas corpus action).

*Harvey v. Corbin*, 2011 WL 4369828 at * 2 (S.D. Ga. Aug. 12, 2011). As in *Harvey*, Maynor "has not alleged, and there is nothing in the record to suggest, that he filed a state habeas petition challenging his pre-trial detention." [1] *Id.* Therefore, his petition should be **DISMISSED WITHOUT PREJUDICE** so that he may exhaust available state remedies. Doc. 1.

---

[1] He did, however, file a "habeas action/mandamus" with the Georgia Court of Appeals, but he has not alleged that those proceedings have concluded. (Doc. 1 at 2-3.)

As an additional matter, Maynor has filed a petition for writ of mandamus. (Doc. 3.) Coming here instead of invoking and completing available state appellate remedies, however, is a mistake. *See generally*, 17B CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE & PROCEDURE § 4252 (2008) ("The core of the rule laid down in *Younger v. Harris*, [401 U.S. 37 (1971),] and the other cases defining the doctrine of 'Our Federalism' is that a federal court, in the absence of unusual circumstances, cannot interfere with a pending state criminal prosecution") (footnotes omitted). So that motion (doc. 3) is also **DENIED**.

**SO REPORTED AND RECOMMENDED** this 26th day of November, 2012.

/s/ M. Smith
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA